### Claude Taylor v. The State.

#### No. 4707.  Decided November 28, 1917.

**Misdemeanor Theft—Evidence—Moral Turpitude—Impeachment.**

Upon trial of theft of some automobile fixtures, it was reversible error to permit the State to introduce testimony that defendant had testified on a former trial that he had been convicted of misdemeanors not involving moral turpitude, and this is especially so as defendant failed to testify in the instant case, and the State could not thus impeach his credibility, which was not placed in issue.

Appeal from the Corporation Court of the City of Texarkana.  Tried below before the Hon. J. K. Linbarger.

Appeal from a conviction of theft of automobile fixtures; penalty, six months imprisonment in the county jail.

The opinion states the case.

*T. N. Graham* and *W. T. Williams,* for appellant.—Cited Fannin v. State, 51 Texas Crim. Rep., 471, 100 S. W. Rep., 916; Wright v. State, 74 Texas Crim. Rep., 61, 140 S. W. Rep., 1105.

*E B. Hendricks,* Assistant Attorney General, for the State.

PRENDERGAST, Judge.—Appellant was convicted of the theft of some automobile inner tubes and his punishment assessed at six months in jail.

Appellant earnestly contends that the evidence was insufficient to sustain the conviction in view of the fact that the evidence was wholly circumstantial.  However, this court does not pass upon the question because the cause must be reversed on another ground.

It seems that appellant was first prosecuted for ordinary theft and on that trial he testified.  When prosecuted for this offense he did not testify.  The court, over his objections, permitted the city attorney to testify what appellant testified on said other trial to this effect, that he had been previously convicted and fined in several criminal misdemeanor cases, involving fighting and disturbing the peace, and that he had been tried, convicted and worked his fine out in Miller County, Arkansas, on the charge of theft of shoes.  The law is that when a party himself testifies he can be impeached by showing that he has been previously convicted for theft or a misdemeanor involving moral turpitude, but that such offenses as fighting and dis-

turbing the peace do not involve moral turpitude and can not be introduced for the purpose of impeaching. However, any such testimony when admissible is for impeachment of an accused only, and as the accused in this instance did not testify at all in this case the admission of said testimony against him presents reversible error. Of course any incriminating testimony given by him in the other case could be proved on the trial of this case and as such would be admissible.

For the error in the admission of this testimony, under the circumstances, the case is reversed and the cause remanded.

*Reversed and remanded.*