**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 93-3225
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LAWRENCE KIMBALL,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Louisiana

(February 10, 1994)

Before POLITZ, Chief Judge, GARWOOD and BARKSDALE, Circuit Judges.

POLITZ, Chief Judge:

Lawrence J. Kimball appeals his conviction of possession of a firearm by a felon and the enhanced prison sentence imposed for that crime. Finding neither error nor abuse of discretion we affirm.

Background

A jury found Kimball, a convicted felon, guilty of possessing a firearm. He received an enhanced sentence of 235 months imprisonment. His first trial ended in a mistrial. In the second

trial, Kimball sought to elicit from the government's case agent a part of his testimony during the first trial,[1] a strategy which would have enabled the presentation of his earlier exculpatory testimony without any cross-examination leveler. The district court ruled that the case agent could not testify about Kimball's earlier exculpatory statements.

Before trial the government notified Kimball that it would seek imposition of penalty enhancements under 18 U.S.C. § 924(e)(1) because of his prior convictions. Finding a previous conviction for aggravated battery and two independent convictions for cocaine distribution, the district court imposed a significantly enhanced sentence. Kimball timely appeals.

## Analysis

Kimball challenges the evidentiary ruling and the enhanced sentence. He first contends that the hearsay exceptions of the Federal Rules of Evidence allow introduction of a person's former testimony where that person is unavailable.[2] Kimball argues that he was unavailable as a witness because at the time of the district court's evidentiary ruling he had invoked his fifth amendment privilege against self-incrimination, a privilege that under our

---

[1]In the previous trial, Kimball had explained that he was only in possession of a firearm because immediately before the arrival of the police he had wrested the weapon from an unidentified person who had attempted to rob him at gunpoint.

[2]Fed.R.Evid. 804(b)(1). This exception is subject to the condition that "the party against whom the testimony is now offered . . . had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination." Id.

precedents constitutes unavailability under the Rules.[3]  We review the district court's rejection of this argument for an abuse of discretion.[4]

Kimball's argument is answered by the Rules.  The sponsor of a declarant's former testimony may not create the condition of unavailability and then benefit therefrom.[5]  The rule Kimball relies upon was designed to ensure one access to testimony where, by the actions of the opponent, or at least through no fault of the testimony's proponent, a desired witness becomes unavailable.  In the instant case, Kimball created his own unavailability by invoking his fifth amendment privilege against self-incrimination.[6]

While sensitive to the importance of not discouraging or

---

[3]See **United States v. Young Bros., Inc.**, 728 F.2d 682 (5th Cir.), cert. denied, 469 U.S. 881 (1984) ("it is clear that a witness who is unavailable because he has invoked the Fifth Amendment privilege against self-incrimination is unavailable under the terms of 804(a)(1)").

[4]**United States v. Capote-Capote**, 946 F.2d 1100 (5th Cir. 1991), cert. denied sub nom., **Rodriguez v. United States**, 112 S.Ct. 2278 (1992).

[5]"A declarant is not unavailable as a witness if [his] refusal . . . is due to the procurement or wrongdoing of the proponent of a statement for the purpose of preventing the witness from attending or testifying."  Fed.R.Evid. 804(a)(5).

[6]Although Kimball had invoked his fifth amendment privilege at the time of the evidentiary ruling, he nonetheless waived this right and testified at his second trial in even stronger terms than at his first.  The presentation of his version of the facts was not adversely affected by the ruling.  Were we to reject the ruling, any error necessarily would have been harmless.  See, e.g., **United States v. Quintero**, 872 F.2d 107 (5th Cir. 1989), cert. denied, 496 U.S. 905 (1990) (error is harmless if it did not influence the jury or had only a slight effect).

prejudicing a defendant who invokes the fifth amendment,[7] we cannot accept the view proposed by Kimball. A defendant seeking to testify and make exculpatory statements must face cross-examination.[8] That is a basic rule of our adversary system. Kimball would change that. The district court did not abuse its discretion in its evidentiary ruling.

As to the assigned sentence enhancement error, Kimball insists that his two cocaine distribution convictions were not based upon distinct criminal acts. The controlling rubric provides that a convicted felon in possession of a firearm is subject to enhanced penalties if the person "has three previous convictions . . . committed on occasions different from one another."[9]

Kimball maintains that inasmuch as the cocaine distribution charges were brought at the same time, he had been convicted of only one crime before committing both his second and third offenses. Kimball suggests that this compels us to ignore one of his cocaine convictions for purposes of section 924(e)(1). He also argues that because the two charges involved incidents only days apart, the two convictions should be treated as part of a single

---

[7]See, e.g., **Doyle v. Ohio**, 426 U.S. 610 (1976) (barring prosecutorial comment on a criminal defendant's constitutionally privileged silence and suggesting that invocation of fifth amendment should carry no penalty).

[8]See **Fitzpatrick v. United States**, 178 U.S. 304 (1900) ("While no inference of guilt can be drawn from his refusal to avail himself of the privilege of testifying, he has no right to set forth to the jury all the facts which tend in his favor without laying himself open to a cross-examination upon those facts.").

[9]18 U.S.C. § 924(e)(1).

4

crime "spree" and not as separate offenses committed on separate occasions.  We are not persuaded.

As to the former argument, we have expressly rejected the proposition that multiple offenses should be counted as one conviction under section 924(e)(1) merely because they are prosecuted in the same judicial proceeding.[10]  As to the latter, we have found that temporal proximity will not transform two crimes into one.[11]  By our announced standard, Kimball had three extant convictions at the time of his arrest as a felon in possession of a firearm.  He was sentenced legally.

AFFIRMED.

---

[10]**United States v. Herbert**, 860 F.2d 620 (5th Cir. 1988), cert. denied, 490 U.S. 1070 (1989).

[11]**United States v. Kelley**, 981 F.2d 1464 (5th Cir.), cert. denied, 113 S.Ct. 2427 (1993) (two drug deliveries at separate locations are separate criminal transactions under section 924(e)(1)); **United States v. Washington**, 898 F.2d 439 (5th Cir.), cert. denied, 498 U.S. 842 (1990) (robbing the same clerk at the same convenience store twice within a few hours constituted separate crimes).  **Herbert** (burglaries committed at separate locations within three days of each other constituted separate criminal transactions).