728 A.2d 289

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v. GIBBON FARQUHARSON, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted April 21, 1999—Decided May 7, 1999.

---

[1] Looking for identification during the booking process, Caramelo went through Feliciano's wallet and found a glassine packet with white powder, later identified as heroin. Feliciano did not plead guilty to possession of the heroin found in his wallet and its seizure is not before us. However, I note that an inventory search of personal effects of an arrestee at a police station is constitutionally permissible. *See State v. Paturzzio, supra,* 292 *N.J.Super.* at 550, 679 *A.2d* 199; *State v. Jackson,* 268 *N.J.Super.* 194, 205 n. 5, 632 *A.2d* 1285 (Law Div.1993).

118

Before Judges CONLEY, A.A. RODRÍGUEZ and BILDER.

*Ivelisse Torres*, Public Defender, attorney for appellant (*Salvatore C. Adamo*, Designated Counsel, of counsel and on the brief).

*Ronald S. Fava*, Passaic County Prosecutor, attorney for respondent (*Jane E. Hendry*, Senior Assistant Prosecutor, of counsel and on the letter brief).

The opinion of the court was delivered by

CONLEY, J.A.D.

Once again, we are asked to reverse defendant's convictions of various drug possession and drug distribution charges. Once again, we are constrained to reverse.

In our prior opinion, we reversed defendant's convictions because of the State's failure to facilitate the attendance at trial of a participant in the drug transaction that the State's surveillance witnesses claimed they saw defendant engage in. *State v. Farquharson*, 280 *N.J.Super.* 239, 655 *A.*2d 84 (App.Div.1995). Defendant testified in his first trial, and explained to the jury that what the police saw was his encounter with the then unavailable participant/witness, who he knew, and her discarding of drugs. Defendant told the jury in his first trial that he picked up what she had dropped and handed it back to her; according to him, that was the "transaction" the surveillance officers relied upon in thereafter arresting him. Additionally, a public defender who had initially represented defendant testified during the first trial that this other person had made two statements to her denying defendant's involvement in the drug transaction.

Needless to say, on retrial the missing witness was produced by the State and, while admitting that she had indeed told defendant's attorney that he had not sold or distributed drugs to her, she recanted these prior statements during the second trial, testifying in favor of the State. In attempting to explain her prior exculpatory statements, she said that she had meant the defendant did not actually sell the drugs to her; according to her trial testimony, she gave him the money for the drugs, he directed her to another person, and it was that person who gave her the cocaine. She insisted that she never said previously that defendant was not involved in the transaction. The jury heard, however, that at the time of her trial testimony the witness had other drug charges pending in the municipal court, and that she had previously had other drug involvement in which she had been a cooperating witness for the federal authorities and had been relocated to another state. Her testimony was, thus, quite im-

peachable. Moreover, during the second trial, defendant's prior attorney again testified that the witness had told her that defendant "was not involved in any way and . . . it was a miscarriage of justice."

Unlike the first trial, defendant exercised his Fifth Amendment right not to testify during the second trial. But the State read to the jury defendant's entire first trial testimony which included the existence of his two prior drug convictions, albeit *Brunson*[1] sanitized. The jury was instructed to consider the evidence of prior convictions but only for the purpose of impeaching defendant's credibility.

On appeal, defendant contends, broadly, that the admission of his prior testimony was erroneous. As a general proposition, this contention is without merit. *See N.J.R.E* 804(b)(1); *State v. Wilson*, 57 *N.J.* 39, 47–48, 269 *A.*2d 153 (1970). *E.g. Edmonds v. U.S.*, 273 *F.*2d 108, 113 (D.C.Cir.1959), *cert. denied*, 362 *U.S.* 977, 80 *S.Ct.* 1062, 4 *L.Ed.*2d 1012 (1960). *See also N.J.R.E.* 803(b)(1); *State v. Covell*, 157 *N.J.* 554, 572, 725 *A.*2d 675 (1999). More narrowly, defendant also contends that the failure of the trial judge to redact from the prior testimony the evidence of defendant's prior convictions, highlighted by the judge's subsequent limiting instructions to the jury, was violative of *N.J.R.E.* 609 and his underlying constitutional right not to testify which he exercised during the second trial. *E.g. State v. Manley*, 54 *N.J.* 259, 266, 255 *A.*2d 193 (1969); *State v. Hogan*, 297 *N.J.Super.* 7, 21, 687 *A.*2d 751 (App.Div.), *certif. denied*, 149 *N.J.* 142, 693 *A.*2d 111 (1997); *State v. Taplin*, 230 *N.J.Super.* 95, 98–99, 552 *A.*2d 1015 (App.Div.1988). *And see Edmonds v. U.S., supra*, 273 *F.*2d at 113 ("[t]he fact that the defendant does not take the stand at the second trial does not prevent the use of his testimony given at the former trial, *if it would otherwise be admissible.*" (emphasis added)).

---

[1] *State v. Brunson*, 132 *N.J.* 377, 625 *A.*2d 1085 (1993).

 We agree. Although there seems to be little law on this issue, at least as has been presented to us, we think the proposition must be almost self-evident. Consistent with a defendant's constitutional rights and unless otherwise admissible under *N.J.R.E.* 404, a criminal defendant's prior convictions are admissible pursuant to *N.J.R.E.* 609, but only for the purpose of affecting the credibility "of any witness." *And see State v. Lair,* 62 *N.J.* 388, 391, 301 *A.2d* 748 (1973) ("[e]vidence of prior criminal convictions may be introduced for the purpose of impeaching the credibility of anyone who testifies, including a defendant in a criminal trial *who offers himself as a witness.*" (emphasis added)). *See also Commonwealth v. Boyle,* 498 *Pa.* 486, 447 *A.2d* 250, 255 (1982) ("[defendant] is correct in stating that since he did not testify in the second trial, his credibility as a witness was not in issue and therefore there was no basis for the allowance of evidence to demonstrate his unreliability as a witness.").

The key to countervailing considerations that are present in the case of a criminal defendant with his or her bundle of constitutional protections and the conceded prejudice arising from a jury learning of prior convictions, where those prior convictions are not otherwise properly admissible, is the operative factor that defendant has chosen to become a "witness." Simply put, defendant was not a witness at the second trial. Moreover, it was *not* defendant who sought the admission of his prior trial testimony. Had he been the moving force, the issue would be quite different, for the reading of his prior testimony on his behalf could, perhaps at least more easily, be equated to trial testimony during the second trial. But he was not.[2]

---

[2] We note that, initially, the State read into the record only portions of defendant's testimony and, at that point, all seemed to agree the evidence of prior convictions was not properly admissible. But the portions read were, defendant contended, incomplete and/or misleading without reference to other parts of his testimony, which he then contended should be included. At that point the State and the judge asserted that all of the prior testimony should be admitted, including the prior convictions, to which defendant objected. We do not view the defendant's urging of some additional portions to prevent incom-

Though the prior trial testimony as it relates to the particular charges are admissible under *N.J.R.E.* 804(b)(1), we see no more evidential basis for the normally collateral and inadmissible evidence of prior convictions here, than, for instance, would be the case were the prior testimony in the form of a prior police statement. *Cf. State v. Wilson, supra,* 57 *N.J.* at 48, 269 *A.*2d 153 ("[w]e think the problem [of prior trial testimony] is closer to that involved when confessions are admitted into evidence. In our view there is no real difference between inculpatory statements made at a prior trial and voluntary confessions."). *Accord Lock v. State,* 567 *N.E.*2d 1155, 1160 (Ind.1991) (defendant's "first-trial testimony is admissible at the second trial, *in the same manner as a statement or admission against interest given prior to a trial is admissible* at a later trial even if the defendant chooses not to testify . . . ." (emphasis added)), *cert. denied, sub nom. Lock v. Indiana,* 503 *U.S.* 991, 112 *S.Ct.* 1686, 118 *L.Ed.*2d 400 (1992). We know of no basis in that context for the State to introduce for "impeachment" purposes, along with such police statement, a defendant's prior convictions. We dare say, in the absence of defendant's actual participation in the trial as a witness, such admission would be fatal, no matter how strong the evidence of guilt. *State v. Taplin, supra,* 230 *N.J.Super.* at 98, 552 *A.*2d 1015 ("[o]ur courts have always recognized the inordinate capacity for prejudice to a defendant which inheres in the jury's knowledge that he has already been convicted of a criminal charge."). *See generally State v. Brunson,* 132 *N.J.* 377, 391, 625 *A.*2d 1085 (1993) ("[t]he introduction into evidence of a similar prior conviction to impeach a testifying defendant is doubtless highly prejudicial, and that prejudice is unlikely to be cured by a limiting instruction."). That is why such evidence, if not otherwise admissible under *N.J.R.E.* 404, is admissible only where defendant

---

pleteness or misinterpretations as inviting what thereafter occurred. Particularly do we reject the State's attempt in its appellate brief to characterize the admission of the prior convictions as defendant's own doing.

waives his Fifth Amendment rights and becomes a witness. Defendant here did not choose to do so in his second trial.

Neither defendant nor the State have provided us with any authority directly on point, one way or the other. We have found one case declining to address the issue because defendant did not object during the second trial to his first-trial prior convictions evidence, *State v. Hunt*, 339 *N.C.* 622, 457 *S.E.*2d 276, 287 (N.C. 1994), and one case holding that admission of defendant's prior convictions as a part of otherwise admissible prior trial testimony was reversible error where the defendant chose not to testify during his second trial, *Taylor v. State*, 82 *Tex.Crim.* 210, 199 *S.W.* 289, 290 (App.1917). On the other hand, we have found one case that concludes otherwise, *State v. Reeder*, 698 *So.*2d 56, 60–61 (La.Ct.App.1997).

We are in accord with the analysis, albeit not of modern vintage, of the Texas court in *Taylor v. State*. We reject that of the Louisiana court in *State v. Reeder, supra*, 698 *So.*2d 56, which thought the "effect of deleting [testimony of prior convictions offered by defendant in his first trial] would be to allow the [defendant] to testify without allowing the State the right to full cross-examination." *Id.* at 61. But it was not the defendant, either in *Reeder* or here, who initially sought the admission of his prior testimony in the second trial. Moreover, there is no reason why all relevant portions of the State's cross-examination during the first trial, exclusive of references to the prior convictions, cannot be admitted during the second trial, thus obviating the concern over depriving the State of cross-examination.

Certainly the State can introduce so much of defendant's prior testimony as would be admissible as any prior voluntary, knowing statement. But the evidence of prior convictions is simply not includable for impeachment purpose as defendant did not testify during the second trial. If the law is to be otherwise, it is not for us to say.

We briefly comment on the State's attempt to justify the evidence of defendant's prior convictions under the doctrine of

"completeness." It has been said "'[t]he object of the rule [of completeness] is to permit the trier of the facts to have laid before it all that was said at the same time upon the same subject matter.'" *State v. Lozada*, 257 *N.J.Super.* 260, 271, 608 *A.*2d 407 (App.Div.), *certif. denied*, 130 *N.J.* 595, 617 *A.*2d 1218 (1992) (quoting *State v. Gomez*, 246 *N.J.Super.* 209, 217, 587 *A.*2d 272 (App.Div.1991)). Simply put, the evidence of defendant's prior convictions might have been produced "at the same time" but it most assuredly had nothing to do with the alleged drug transaction that was the subject of the trial.

Reversed and remanded for a new trial consistent with this opinion.