**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**February 17, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 02-30934
Summary Calendar

———————————————

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

RONALD XAVIER COLLINS,

                                        Defendant-Appellant.

-------------------
Appeal from the United States District Court
for the Western District of Louisiana
(99-CR-20029-ALL)
--------------------

Before JOLLY, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Defendant-Appellant Ronald Xavier Collins appeals the 15-year sentence imposed following his guilty-plea conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He argues that the imposition of the 15-year enhanced sentence under 18 U.S.C. § 924(e) was plain error because two of his prior convictions should not have been used as a basis for the enhancement. Assuming arguendo that Collins's 1979 drug possession conviction and his 1980 second-degree burglary conviction should not have been used as a basis for the enhancement under 18 U.S.C. § 924(e), there was no plain error as Collins had three other prior

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

convictions for violent felonies that were sufficient to support the enhancement under 18 U.S.C. § 924(e), including second-degree robbery, voluntary manslaughter, and assault with a deadly weapon. Collins does not dispute that these three prior convictions fall with the meaning of the term "violent felonies" under 18 U.S.C. § 924(e)(2)(B)(ii). Further, Collins's convictions for voluntary manslaughter and assault with a deadly weapon are considered two separate convictions for the purposes of 18 U.S.C. § 824(e), even though they were part of the same judicial proceeding, as they were committed on two separate occasions. See United States v. Kimball, 15 F.3d 54, 56 (5th Cir. 1994) ("temporal proximity will not transform two crimes into one."); United States v. Kelley, 981 F.2d 1464, 1474 (5th Cir. 1993) ("'multiple convictions arising from multiple criminal transactions should be treated as separate convictions, regardless of the number of judicial proceedings involved in the conviction'").

Collins also argues that his counsel was ineffective in not objecting to the enhancement of his sentence under 18 U.S.C. § 924(e). Because Collins did not raise this issue in the district court, the record is not sufficiently developed to allow us to evaluate fairly the merits of the claim. See United States v. Gibson, 55 F.3d 173, 179 (5th Cir. 1995).

AFFIRMED.

2