COMMONWEALTH *vs.* RICHARD R. LABELLE, JR.

No. 05-P-998.

Hampden. June 9, 2006. - November 7, 2006.

Present: RAPOZA, C.J., ARMSTRONG, & KAFKER, JJ.

*Motor Vehicle,* Operating to endanger. *Wilful, Wanton, or Reckless Conduct. Negligence,* Motor vehicle. *Evidence,* Previous testimony of unavailable witness.

At the trial of an indictment that included the lesser offense of reckless opera-tion of a motor vehicle or, alternatively, operating negligently so as to endanger the lives or safety of the public, the judge did not err in not requiring unanimity upon which theory the jury based their verdict, where a juror finding the defendant's operation of his motor vehicle to be reck-less implicitly must also have found his operation to be negligent so as to endanger the lives or safety of the public [699-700]; further, the judge's instruction defining "reckless conduct" was not error, where the instruc-tion conveyed to the jury that to convict on the basis of reckless operation they were required to find a heightened level of fault substantially in excess of ordinary negligence [700]; finally, the evidence was sufficient to permit a rational juror to find that the defendant operated his truck negligently so that the lives and safety of the public might be endangered [700-701].

At a criminal trial, the judge did not err in excluding the defendant's grand jury testimony, where the defendant, having made himself "unavailable" at trial by invoking his privilege under the Fifth Amendment to the United States Constitution against self-incrimination, could not claim that his prior testimony was excepted from the hearsay rule. [701]

INDICTMENT found and returned in the Superior Court Depart-ment on September 5, 2001.

The case was tried before *C. Brian McDonald,* J.

*Wendy H. Sibbison* for the defendant.

*Susanne G. Reardon,* Assistant Attorney General, for the Commonwealth.

ARMSTRONG, J. The evidence most favorable to the Com-monwealth established that, in the late afternoon of June 26,

2001, the defendant was driving his Chevrolet pickup truck west on Court Street in Westfield. He accelerated his vehicle to between fifty-five and fifty-seven miles per hour, by one estimate, as it approached the intersection of Court and High Streets. At the same time, a car driven by Priscilla Garcia entered the intersection from the opposite direction and, as the traffic light turned yellow, began making a left turn onto High Street. The vehicles collided in the intersection, with the front of the defendant's truck striking Garcia's car on the passenger side. The impact of the collision sent the defendant's truck into the air; the truck twisted some ninety degrees, landing on the driver's side door and quarter panel. The impact of the collision caused Garcia's car to spin around; the vehicle struck a light pole and then rolled back onto the roadway. Garcia's two children, who were passengers in the car, died from injuries sustained in the collision.

The defendant was charged with two counts of motor vehicle homicide. G. L. c. 90, § 24G(b). In a jury trial, he was found not guilty of motor vehicle homicide, but he was convicted of one count of the lesser-included offense set out in G. L. c. 90, § 24(2)(a), reckless operation of a motor vehicle or, alternatively, operating negligently so as to endanger the lives or safety of the public. This appeal followed.

The defendant claims that under G. L. c. 90, § 24(2)(a), "operat[ing] a motor vehicle recklessly" and operating a motor vehicle "negligently so that the lives or safety of the public might be endangered" are separate, distinct grounds for prosecution. On that basis, the defendant claims the judge erred in not requiring unanimity upon which theory the jury based their conviction.

We disagree. A juror finding the defendant's operation of his motor vehicle to be reckless implicitly must also have found his operation to be negligent so as to endanger the lives or safety of the public, because only a finding of ordinary negligence is required under the statute. See *Commonwealth* v. *Rand*, 363 Mass. 554, 563 (1973) ("crime of driving to endanger . . . only requires proof of ordinary negligence"); *Commonwealth* v. *Carlson*, 447 Mass. 79, 85 (2006) ("A finding of ordinary negligence is sufficient to establish a violation of the statute").

See also *Commonwealth* v. *Duffy*, 62 Mass. App. Ct. 921, 922 n.2 (2004); *Commonwealth* v. *Daley*, 66 Mass. App. Ct. 254, 255 (2006). Cf. *Commonwealth* v. *Jones*, 382 Mass. 387, 389 (1981); *Commonwealth* v. *Angelo Todesca Corp.*, 446 Mass. 128, 137 (2006). Therefore, jury unanimity is not required.

Additionally, the defendant claims that the judge's instruction defining "reckless conduct" was in error. He argued that the words "likelihood of substantial harm," used by the judge in the charge, were not equivalent to the requested instruction of "risk of serious bodily injury or death."

However, we need not determine whether the phrase "likelihood of substantial harm" is the equivalent of the requested instruction. The instruction on reckless conduct conveyed to the jury that to convict on the basis of reckless operation, they were required to find a heightened level of fault substantially in excess of ordinary negligence. Since only a finding of ordinary negligence was required to convict under the statute, the instruction could not have prejudiced the defendant.

Furthermore, the defendant claims that there was insufficient evidence from which the Commonwealth could establish that he operated the vehicle recklessly or negligently so as to endanger the lives or safety of the public.[1] To the contrary, the evidence, when viewed in its light most favorable to the Commonwealth, including all reasonable inferences, see *Commonwealth* v. *Latimore*, 378 Mass. 671, 676-677 (1979), permitted a rational juror to find that the defendant operated his truck negligently so that the lives and safety of the public might be endangered.

The jury could have found the following: the defendant accelerated his truck to a rate of fifty-seven miles per hour as he approached the intersection[2]; the defendant's truck was traveling up a hill toward the intersection, causing him to have limited visibility of the road beyond; the traffic signal was yellow as the defendant's truck approached and entered the intersection; it

---

[1]The defendant does not challenge the sufficiency of the Commonwealth's evidence concerning the two other elements of G. L. c. 90, § 24(2)(*a*), that the defendant was operating the vehicle and did so on a public way. It is also unnecessary to address whether the evidence supported a finding of recklessness since, as the cited cases hold, negligence suffices under the statute.

[2]The posted speed limit was thirty miles per hour.

was a time of the day when people are ordinarily commuting and the intersection could be well traveled; and at the time of the collision the defendant's truck was traveling in excess of forty-five miles per hour despite his attempt to brake the vehicle prior to impact. From these facts the jury properly could have found that the defendant was operating in a negligent manner so as to endanger the lives and safety of the public. See *Commonwealth* v. *Duffy*, 62 Mass. App. Ct. at 922-923.

We find no merit to the defendant's remaining argument that it was an error for the judge to have excluded his grand jury testimony. The defendant, having made himself "unavailable" at trial by invoking his privilege under the Fifth Amendment to the United States Constitution against self-incrimination, could not claim his prior testimony was excepted from the hearsay rule. See *Commonwealth* v. *Trigones*, 397 Mass. 633, 638 (1986) (unavailability required to admit prior recorded testimony). See also *Commonwealth* v. *Martinez*, 384 Mass. 377, 382-383 (1981) (proposed Mass.R.Evid. 804[a] identical to Fed.R.Evid. 804[a]); Liacos, Brodin & Avery, Massachusetts Evidence §§ 8.4.2, 8.7.1, at 479-481, 489 (7th ed. 1999).

We are inclined to follow the view proffered by several of the Federal Circuit Courts of Appeal that a defendant cannot "create[] his own unavailability by invoking his [F]ifth [A]mendment privilege against self-incrimination." *United States* v. *Kimball*, 15 F.3d 54, 56 (5th Cir.), cert. denied, 513 U.S. 999 (1994). See *United States* v. *Peterson*, 100 F.3d 7, 13 (2d Cir. 1996) ("When the defendant invokes his Fifth Amendment privilege, he has made himself unavailable to any other party, but he is not unavailable to himself"); *United States* v. *Bollin*, 264 F.3d 391, 413 (4th Cir.), cert. denied, 534 U.S. 935 (2001), and cert. denied, 535 U.S. 989 (2002). See also *Garcia-Martinez* v. *City & County of Denver*, 392 F.3d 1187, 1192-1193 (10th Cir. 2004). The judge properly excluded the defendant's grand jury testimony.

*Judgment affirmed.*