COURT OF APPEALS OF VIRGINIA

PUBLISHED

Present:   Judges Frank, Huff and Senior Judge Coleman
Argued at Richmond, Virginia


JARED BENJAMIN BAILEY

v.          Record No. 0465-12-2

COMMONWEALTH OF VIRGINIA

OPINION BY
JUDGE SAM W. COLEMAN III
NOVEMBER 5, 2013


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Beverly W. Snukals, Judge

Stacey T. Davenport (Davenport & Poindexter, P.C., on briefs), for
appellant.

Elizabeth C. Kiernan, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Jared Benjamin Bailey (appellant) appeals from his jury trial convictions for robbery,

malicious wounding, conspiracy to commit robbery, and two counts of using a firearm in the

commission of a felony.  He contends the trial court abused its discretion in refusing to admit

testimony under the declaration-against-penal-interest exception to Virginia's hearsay rule.  We

hold the trial court's refusal to admit the testimony was not error because appellant's invoking

his right not to testify did not render him unavailable for purposes of the exception.  Therefore,

we affirm.

I.  BACKGROUND

On the afternoon of March 18, 2011, Ron James, a computer software consultant from

Atlanta, was beaten and robbed in Richmond of $37,000 in cash.  Police identified appellant as

one of the perpetrators.

At appellant's trial, the Commonwealth's theory of the case was that James's former girlfriend, Remia McPherson, conspired with appellant and a second man, Jamal Wiggins, to rob James. The Commonwealth's evidence showed that James had been conducting computer software training in Virginia for several months prior to the robbery and had year-to-date earnings from that job of approximately $58,000. Because James's bank was in Georgia, he often cashed his paychecks in Virginia and routinely carried at least one paycheck's worth of cash with him in a small vinyl bag. While James was dating McPherson, she had seen him retrieve money from this bag as needed. In the minutes before the robbery, James had arrived at the address where McPherson had directed him to pick her up. However, instead of finding McPherson there, James was confronted by appellant and Wiggins, who obviously knew about the bag of cash he carried. After James gave them his watch and necklace, appellant asked, "Where's the money?" When James said he had no money and offered them his laptop, appellant said, "Nah, that's not it. I want the money." When appellant opened the trunk to give them his laptop, they immediately recognized and seized the vinyl bag. Additional evidence, including cell phone records, proved that McPherson, James's former girlfriend, had communicated with appellant and Wiggins on several occasions immediately before and leading up to the robbery. According to text messages exchanged by appellant and Wiggins, appellant texted, "I need this $$$" and "we are not going to need [guns] for this one, it's a simple tank." When appellant was arrested, he was wearing James's watch.

At trial, appellant chose not to testify. However, appellant's theory of the case, which defense counsel undertook to develop through the testimony of Shannon Dougherty, appellant's girlfriend, was that he had met with James to sell him drugs. When James had tried to take the drugs without paying, he had merely taken the money he was due for the drugs. After the court sustained the Commonwealth's hearsay objection, appellant proffered Dougherty's testimony

that she knew appellant was a drug dealer and she had seen him with guns. She testified further that in February 2011 appellant "ma[de] [her] aware of some type of drug or gun transaction that he was planning to be a part of." He proffered additional testimony from Dougherty about his alleged statements to her both before and after the incident, including a statement he made to her from jail describing the incident as "an issue with a drug transaction that didn't go so well" because "[t]he contact . . . pulled out his gun." The trial court ruled the evidence was inadmissible hearsay.

On appeal, appellant argues that his statements to Dougherty were against his penal interest in that they showed his complicity in dealing illegal drugs and, thus, that they were admissible under the hearsay exception.

## II. ANALYSIS

Various exceptions to Virginia's rule against hearsay allow the admission of out-of-court statements of a declarant to prove the truth of the matters asserted therein if the declarant is unavailable to testify at trial. See Rankins v. Commonwealth, 31 Va. App. 352, 362, 523 S.E.2d 524, 529 (2000). The statement-against-penal-interest exception requires the proponent to prove, in addition to unavailability, (1) that "the statement [was] against the declarant's interest at the time it was made[] and . . . the declarant [was] subjectively aware [of this fact]" and (2) that "the record . . . contain[s] evidence other than the declaration itself establishing its reliability, such as independent evidence connecting the declarant with the confessed crime." Id.; see also Ayala v. Aggressive Towing & Transp., Inc., 276 Va. 169, 174, 661 S.E.2d 480, 483 (2008).

The trial court held appellant established the declarant's unavailability and the incriminating nature of the statements. However, it ruled Dougherty's testimony about appellant's alleged hearsay statements was inadmissible because the evidence failed to establish the reliability of those statements. Appellant contends sufficient corroborating evidence

established the reliability of the proffered statements and, thus, that the trial court erred in excluding them. We hold the trial court erred as a matter of law in ruling that the testimony of the hearsay declarant—appellant—was unavailable.[1] Because appellant had complete control over his own availability as a witness, we hold that he failed as a matter of law to prove his testimony was unavailable, and we conclude the trial court's refusal to admit the statements was not error. See Perry v. Commonwealth, 280 Va. 572, 581-82, 701 S.E.2d 431, 436-37 (2010) (holding "[a]n appellate court is not limited to the grounds offered by the trial court in support of its decision" and may affirm on any ground on which additional factual findings are not required).

"'[T]he sufficiency of the proof to establish the unavailability of a witness is . . . within the discretion of the trial [judge], and, in the absence of a showing that such discretion has been abused, will not be interfered with on appeal.'" Bennett v. Commonwealth, 33 Va. App. 335, 348, 533 S.E.2d 22, 29 (2000) (en banc) (quoting Burton v. Oldfield, 195 Va. 544, 550, 79 S.E.2d 660, 665 (1954)). "However, '[a circuit] court by definition abuses its discretion when it makes an error of law.'" Porter v. Commonwealth, 276 Va. 203, 260, 661 S.E.2d 415, 445 (2008) (alteration in original) (quoting Koon v. United States, 518 U.S. 81, 100 (1996)).

---

[1] Our analysis does not implicate the principle that "'if a case can be decided on either of two grounds, one involving a constitutional question, the other a question of statutory construction or general law, the Court will decide only the latter.'" D'Ambrosio v. D'Ambrosio, 45 Va. App. 323, 341 n.3, 610 S.E.2d 876, 885 n.3 (2005) (quoting Ashwander v. Tenn. Valley Auth., 297 U.S. 288, 346-47 (1936) (Brandeis, J., concurring)). Appellant does not contend that his Fifth Amendment right not to testify was violated, and we are not called upon to decide a constitutional issue. We decide only that the trial court's refusal to admit his prior extra-judicial statements was not error under state hearsay rules. Cf. United States v. Yida, 498 F.3d 945, 962 & n.16 (9th Cir. 2007) (in applying the "longstanding doctrine of constitutional avoidance," "ground[ing] [the] opinion [affirming the trial court's exclusion of hearsay evidence] on interpretation of [the unavailability prong] of Federal Rule of Evidence 804," thereby obviating the need to "decide whether the Sixth Amendment [right of confrontation] imposes constitutional requirements concerning unavailability that require the same result").

Virginia's appellate courts have not previously resolved the legal question of whether a defendant's invocation of his Fifth Amendment right not to testify satisfies the unavailability prong of the statement-against-interest exception. See Schmitt v. Commonwealth, 262 Va. 127, 144 n.3, 547 S.E.2d 186, 198 n.3 (2001) (expressly not addressing this issue). We therefore examine relevant principles underpinning the Virginia exception and find additional "guidance . . . in federal jurisprudence," Morgan v. Commonwealth, 50 Va. App. 369, 377-79, 650 S.E.2d 541, 545-46 (2007) (considering federal cases in determining whether a deported witness is "unavailable" for purposes of Virginia's prior testimony exception).

Rule 2:804[2] sets out various hearsay exceptions which "are applicable where the declarant is . . . unavailable as a witness" or where, although the declarant is available, his testimony is not, see Sapp v. Commonwealth, 263 Va. 415, 424, 427, 559 S.E.2d 645, 649, 651 (2002) (setting forth the procedure to be followed when a witness claims to be unable to testify due to lack of memory of the relevant events). Unavailability is a threshold question, to be resolved before a court considers the content of the statement to determine whether it was against the declarant's penal interest and was sufficiently corroborated to be considered reliable. See Rule 2:804(a) ("The hearsay exceptions set forth in subpart (b) hereof are applicable where the declarant is dead or otherwise unavailable as a witness.").[3]

---

[2] Virginia's Rules of Evidence, set out in Part 2 of the Rules of the Supreme Court, did not take effect until after the trial of this matter and expressly apply only to "proceedings held on or after [their effective date]." 2012 Va. Acts chs. 688, 708. However, these rules are intended merely "to *restate* the present law of evidence in Virginia in a single, organized body of principles for . . . convenience" and are "not intended to change any aspect of Virginia law." Boyd-Graves Conf., Va. Bar Ass'n, Introduction to A Guide to Evidence in Virginia (Va. Law Found. 2012 ed.) (emphasis added); see also Rule 2:102. Therefore, this opinion relies upon the relevant rule for its analytical framework.

[3] Exceptions requiring proof of unavailability include both the statement-against-interest exception, see Rule 2:804(b)(3), and the former testimony exception, see Rule 2:804(b)(1). The same unavailability requirement applies to both. See Rule 2:804(a). Thus, in analyzing unavailability under the statement-against-interest exception, we also draw on cases interpreting

Recognized situations of unavailability include when:

> "(1) The declarant is dead; (2) The declarant is too ill to testify; (3) The declarant is insane; (4) The declarant is absent from the state and the party is unable to obtain the declarant's deposition; (5) The party has been unable by diligent inquiry to locate the declarant; (6) The declarant cannot be compelled to testify; and (7) The opposite party has caused the declarant's absence."

Bennett, 33 Va. App. at 348, 533 S.E.2d at 29 (quoting Doan v. Commonwealth, 15 Va. App. 87, 101, 422 S.E.2d 398, 406 (1992)). "[T]here is no 'exhaustive list of the circumstances under which a declarant may be deemed "unavailable."'" Morgan, 50 Va. App. at 376, 650 S.E.2d at 544 (quoting Jones v. Commonwealth, 22 Va. App. 46, 51, 467 S.E.2d 841, 843-44 (1996)).

Appellant contends he was unavailable because he was "'(6) [a] declarant [who could not] be compelled to testify,'" Bennett, 33 Va. App. at 348, 533 S.E.2d at 29 (quoting Doan, 15 Va. App. at 101, 422 S.E.2d at 406). "The law is firmly established in Virginia that a declarant is unavailable if the declarant invokes the Fifth Amendment privilege to remain silent." Boney v. Commonwealth, 16 Va. App. 638, 643, 432 S.E.2d 7, 10 (1993) (citing Newberry v. Commonwealth, 191 Va. 445, 462, 61 S.E.2d 318, 326 (1950)), quoted with approval in Lilly v. Commonwealth, 255 Va. 558, 573, 499 S.E.2d 522, 533 (1998), rev'd on other grounds, 527 U.S. 116 (1999). Appellant contends this holding is not limited to defense *witnesses* and extends also to an invocation of the Fifth Amendment by the defendant himself. As a result, appellant contends he was an unavailable witness for purposes of offering his own prior statements against penal interest. We disagree.

---

the former testimony exception. See also, e.g., Fed. R. Evid. 804 advisory committee's notes ("At common law [on the federal level,] the unavailability requirement was evolved in connection with particular hearsay exceptions rather than along general lines. . . . However, no reason is apparent for making distinctions as to what satisfies unavailability for the different exceptions. The treatment in the rule is therefore uniform . . . ."); State v. Terry, 529 S.E.2d 274, 277 (S.C. 2000) (applying the same unavailability principles to the former testimony and statement-against-interest exceptions because "the same policy considerations" are implicated).

Virginia common law expressly recognizes that if the proponent of certain evidence is unable to secure a witness' presence at trial because "'(7) [t]he *opposite party* has caused the declarant's absence,'" the proponent has established unavailability for purposes of admitting the declarant's out-of-court statement. See Bennett, 33 Va. App. at 348, 533 S.E.2d at 29 (emphasis added) (quoting Doan, 15 Va. App. at 101, 422 S.E.2d at 406). Furthermore, to be "unavailable," Virginia recognizes the need for the proponent of hearsay evidence to have made "a good-faith effort" to obtain the presence of the declarant to provide live testimony at trial. Id. at 347-48, 533 S.E.2d at 28-29. Thus, allowing a defendant to control the admissibility of his prior statement by invoking his Fifth Amendment right not to testify, thereby rendering himself unavailable, would eviscerate the hearsay rule's unavailability requirement. Such a defendant would be able to have his alleged prior statement admitted into evidence for the truth of its content while simultaneously insulating himself from cross-examination about it. We will not interpret the hearsay rule to allow a defendant to invoke his Fifth Amendment right not to testify as a shield to protect and insulate him against cross-examination only to simultaneously employ that right as a sword to obtain the admission of his alleged extrajudicial prior self-serving hearsay statements. See State v. Terry, 529 S.E.2d 274, 276-77 (S.C. 2000) (stating in *dicta* that as to the non-testifying defendant's attempt to introduce his confession as a statement against penal interest because he was unavailable, the trial court correctly ruled "that [the defendant] could not use his fifth amendment privilege against self-incrimination as both a sword and shield"); cf. King v. Commonwealth, 18 Va. App. 57, 59, 441 S.E.2d 704, 705 (1994) ("[A]n out-of-court statement by a criminal defendant, . . . when proffered by [the defendant], . . . is generally not admissible . . . [because it is] not subject to cross-examination by the prosecution. Therefore, such statements are appropriately []admissible . . . to prove only that the defendant earlier spoke consistently with his present testimony, the credibility of which is being

- 7 -

challenged." "A defendant may introduce his or her own prior consistent statements [in limited circumstances:] when the prosecution suggests that the defendant has a motive to falsify, alleges that the defendant's testimony is a recent fabrication, or attempts to impeach the defendant with a prior inconsistent statement. [Where] the defendant [does] not testify at trial[,] . . . none of these exceptions applie[s]." (citations omitted)); cf. also Bennett v. Commonwealth, 236 Va. 448, 468, 374 S.E.2d 303, 316 (1988) (holding that admitting evidence of a defendant's prior statement to an investigator, proffered by the Commonwealth, did not violate the defendant's Fifth Amendment rights by "forc[ing]" him to testify to dispute it).

Numerous federal and state courts, applying similar legal principles, have reached this same conclusion regarding unavailability. In United States v. Bollin, 264 F.3d 391, 413 (4th Cir. 2001), for example, the Court of Appeals for the Fourth Circuit held under Federal Rule of Evidence 804(b)(1) that a defendant who invoked his Fifth Amendment privilege was not unavailable in the sense required to permit the admission of his former testimony. The court noted that while such an invocation makes the "criminal defendant . . . unavailable to any other party," he remains available to himself because Rule 804(a) expressly provides that "'[a] declarant is not unavailable as a witness if exemption, refusal, claim of lack of memory, inability, or absence is due to *the procurement* or wrongdoing of the proponent of a statement for the purpose of preventing the witness from attending or testifying.'" 264 F.3d at 413 (emphasis added) (quoting Fed. R. Evid. 804(a)). "By invoking the Fifth Amendment privilege," held the court, "Bollin made himself unavailable for the purpose of preventing his testimony, and he therefore cannot invoke the exception in Rule 804(b)(1)." Id.; see also United States v. Cucci, Nos. 92-5533, -5534, 1993 U.S. App. LEXIS 22538, at *12-*14 (4th Cir. Sept. 3, 1993) (unpublished) (applying identical principles to exclude the proffered testimony of the

- 8 -

defendant's daughter about prior statements the non-testifying defendant made to her and sought

to have admitted as a statement against penal interest).[4]

Thus, under Virginia common law principles, like under the Federal Rules of Evidence,

> The sponsor of a declarant's former [statement or] testimony may not create the condition of unavailability and then benefit therefrom. The rule [the defendant] relies upon was designed to ensure one access to [a statement or] testimony where, by the actions of the opponent, or at least through no fault of the [proponent of the statement or testimony], a desired witness becomes unavailable. In the instant case, [the defendant] created his own unavailability by invoking his fifth amendment privilege against self-incrimination.
>
> While sensitive to the importance of not discouraging or prejudicing a defendant who invokes the fifth amendment, we cannot accept the view proposed by [the defendant]. A defendant seeking to [admit his prior statements or testimony] must face cross-examination. That is a basic rule of our adversary system.

United States v. Kimball, 15 F.3d 54, 55-56 (5th Cir. 1994).

III.

For these reasons, we hold appellant's decision to invoke his Fifth Amendment right not

to testify did not render him unavailable to himself for purposes of the statement-against-penal-

---

[4] Courts in other jurisdictions have reached this same conclusion. See United States v. Kimball, 15 F.3d 54, 55-56 (5th Cir. 1994); United States v. Bennett, 539 F.2d 45, 54 (10th Cir. 1976) ("The argument is imaginative but unpersuasive. The right not to testify is clearly his, but the defendant may not invoke that right and avoid facing cross-examination while claiming the right to have his [prior] testimony put before the jury."); State v. Harris, 449 S.E.2d 462, 468 & n.1 (N.C. 1994) (observing in *dicta* that not allowing a defendant to "assert his own unavailability is consistent with the principle that 'to take advantage of the hearsay exceptions under [North Carolina] Rule [of Evidence] 804(b), the proponent must . . . show at least a good-faith, genuine, and bona fide effort to procure the declarant's attendance'" (quoting 32B Am. Jur. 2d Federal Rules of Evidence § 265 (1982))); Castro v. State, 914 S.W.2d 159, 163 (Tex. Crim. App. 1995) ("While the trial judge was required to honor [the defendant's] right not to make incriminating statements against himself, she was not required to permit [him] to offer self-serving evidence . . . [via his former testimony] without facing cross-examination by the State.").

interest exception to Virginia's hearsay rule. Therefore, we hold the trial court's refusal to admit the proffered statements was not error, and we affirm appellant's convictions.

Affirmed.