**RECORD IMPOUNDED**

NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-0545-16T4

STATE OF NEW JERSEY,

    Plaintiff-Appellant,

v.

BARTHOLOMEW P. MCINERNEY,

    Defendant-Respondent.

**APPROVED FOR PUBLICATION**

**June 9, 2017**

**APPELLATE DIVISION**

Argued February 1, 2017 — Decided  June 9, 2017

Before Judges Alvarez, Accurso, and Manahan.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 08-10-2334.

Monica do Outeiro, Assistant Prosecutor, argued the cause for appellant (Christopher J. Gramiccioni, Monmouth County Prosecutor, attorney; Ms. do Outeiro, of counsel and on the brief).

Edward C. Bertucio argued the cause for respondent (Hobbie, Corrigan & Bertucio, P.C., attorneys; Mr. Bertucio, of counsel and on the brief; Elyse S. Schindel, on the brief).

The opinion of the court was delivered by

ALVAREZ, P.J.A.D.

Defendant Bartholomew McInerney, a former high school baseball coach, was convicted by a jury of ten counts of second-degree endangering the welfare of a child, N.J.S.A. 2C:24-4. State v. McInerney, 428 N.J. Super. 432, 434 (App. Div. 2012), certif. denied, 214 N.J. 175 (2013). The convictions were later reversed because of error in the jury instructions. Id. at 444-50.

On the eve of the retrial, the State was granted leave to appeal the Law Division judge's September 27, 2016 ruling that would have allowed defendant to introduce as evidence his own testimony from the previous trial. The judge's decision was based on his conclusion that defendant's election not to testify made him an unavailable witness within the meaning of N.J.R.E. 804(a)(1), an exception to the hearsay rule. We disagree and now reverse.

Before the retrial, the State had disclosed its intention to introduce defendant's prior testimony during its case-in-chief, subject to some redactions. The judge ordered that both sides could introduce portions of defendant's testimony. When the State subsequently advised it would not proffer any of defendant's prior testimony, it also sought to have the judge bar defendant from doing so. The judge refused.

The judge viewed defendant's exercise of his Fifth Amendment right to remain silent as the exercise of a privilege recognized by N.J.R.E. 804(a)(1). "[T]he ground of privilege" may render a witness unavailable, thereby making the witness's prior testimony admissible. See N.J.R.E. 804(a)(1) and 804(b)(1)(A). Thus the judge relied upon the language of the rule in addition to his reading of State v. Wilson, 57 N.J. 39 (1970), and State v. Farquharson, 321 N.J. Super. 117 (App. Div.), certif. denied, 162 N.J. 129 (1999).

## I.

We review evidentiary rulings deferentially, employing an abuse of discretion standard. State ex rel. A.B., 219 N.J. 542, 554 (2014). Such rulings are upheld unless "there has been a clear error of judgment." State v. J.A.C., 210 N.J. 281, 295 (2012). We do not substitute our judgment for that of the trial court unless the evidentiary ruling "was so wide of the mark that a manifest denial of justice resulted." State v. Perry, 225 N.J. 222, 232 (2016) (quoting State v. Kelly, 97 N.J. 178 (1984)). The ruling must be consistent, however, with applicable law. State v. Belliard, 415 N.J. Super. 51, 87 (App. Div. 2010), certif. denied, 205 N.J. 81 (2011).

## II.

The State argues that a defendant who exercises his Fifth Amendment privilege while simultaneously being the proponent of the evidence, that evidence being his own prior testimony, cannot rely on N.J.R.E. 804(a)(1)'s unavailability exception to the hearsay rule. Defendant responds that the prior testimony is not even hearsay because it is literally "not an out-of-court statement," but rather, "previous in[-]court trial testimony that was made under oath and subject to full cross-examination."

The rule defines "unavailability," and enumerates the types of hearsay statements that may be admissible when the declarant is unavailable. N.J.R.E. 804. Included in the definition of "unavailable" is a declarant who "is exempted by ruling of the court on the ground of privilege from testifying concerning the subject matter of the statement." N.J.R.E. 804(a)(1). Among the categories of statements that "are not excluded by the hearsay rule if the declarant is unavailable as a witness" is "[t]estimony given by a witness at a prior trial of the same or a different matter, . . . if the party against whom the testimony is now offered had an opportunity and similar motive in the prior trial, hearing or proceeding to develop the testimony by examination or cross-examination." N.J.R.E. 804(b)(1)(A).

The State's argument rests on Rule 804(a)'s preliminary paragraph, which carves out from the definition of "unavailable," those declarants whose "unavailability has been procured or wrongfully caused by the proponent of declarant's statement for the purpose of preventing declarant from attending or testifying." N.J.R.E. 804(a). We believe that a defendant's invocation of his right not to testify falls squarely within the parameters of this exception. A declarant is not unavailable when he is asserting his own Fifth Amendment privilege.

In 1993, New Jersey's Rules of Evidence expanded to include the exercise of a privilege within the definition of "unavailable." See Biunno, Weissbard & Zegas, Current N.J. Rules of Evidence, 1991 Supreme Court Committee Comment on N.J.R.E. 804(a) (2016); N.J.S.A. 2A:84A Appendix A.[1] But nothing in the amendment conferred upon a criminal defendant the ability to introduce his own prior testimony by invoking his right to remain silent at a subsequent trial.

To the contrary, the current definition of "unavailable" in N.J.R.E. 804(a) excludes witnesses whose unavailability is caused by the proponent of the statement, as did the definition

---

[1] By order of Chief Justice Robert N. Wilentz, dated September 15, 1992, the recommendations of the 1991 Supreme Court Committee on the Rules of Evidence were adopted to be effective July 1, 1993. N.J.S.A. 2A:84A Appendix A.

in the 1967 Rules of Evidence. The earlier Evidence Rule 62(6) limited the definition of an "Unavailable witness" as follows: "A witness is not unavailable when the condition was brought about by the procurement, wrongdoing or culpable neglect of the party offering his statement." Thus, when the proponent procured the witness's unavailability, the hearsay statement was nonetheless inadmissible.

Although New Jersey has no published case regarding whether the invocation of the right to remain silent makes a defendant unavailable for purposes of N.J.R.E. 804(a), numerous other jurisdictions with similar hearsay rules have considered the issue and concluded that it does not. Unsurprisingly, Federal Rule of Evidence 804(a), in language like our N.J.R.E. 804, limits the criteria for witness unavailability as follows: "this subdivision (a) does not apply if the statement's proponent procured or wrongfully caused the declarant's unavailability as a witness in order to prevent the declarant from attending or testifying."[2]

The federal courts have consistently interpreted this provision as preventing a defendant who invokes his Fifth

---

[2] Prior to 2011, this sentence read: "A declarant is not unavailable as a witness if exemption, refusal, claim of lack of memory, inability, or absence is due to the procurement or wrongdoing of the proponent of a statement for the purpose of preventing the witness from attending or testifying."

Amendment right against self-incrimination from offering his own testimony from a previous trial as part of his defense. A criminal defendant who invokes his Fifth Amendment privilege renders himself unavailable to any other party and leaves others powerless to compel his testimony. United States v. Bollin, 264 F.3d 391, 413 (4th Cir.), cert. denied, 534 U.S. 935, 122 S. Ct. 303, 151 L. Ed. 2d 225 (2001); United States v. Peterson, 100 F.3d 7, 13 (2d Cir. 1996). Although a defendant who has invoked that privilege is unavailable to any other party, he is not unavailable to himself. Peterson, supra, 100 F.3d at 13. Nor can the proponent who seeks to admit a declarant's prior testimony "create the condition of unavailability and then benefit therefrom." United States v. Kimball, 15 F.3d 54, 55-56 (5th Cir.), cert. denied, 513 U.S. 999, 115 S. Ct. 507, 130 L. Ed. 2d 415 (1994).

The rule "was designed to ensure one access to testimony where, by the actions of the opponent, or at least through no fault of the testimony's proponent, a desired witness becomes unavailable." Id. at 56. It is not intended to be used by a party who creates his own unavailability through the invocation of his privilege against self-incrimination. Ibid. In other words, the obligation to protect a defendant's invocation of his Fifth Amendment rights cannot overwhelm the "basic rule of our

adversary system" that a defendant who seeks to testify and offer exculpatory statements must face cross-examination. Ibid.

The concerns of the federal courts are echoed by state courts that have considered the issue. For example, the Texas hearsay rules incorporate an exception to the definition of "unavailable" that contains language similar to the New Jersey rules. See Tex. R. Crim. Evid. 804(a) (stating that a declarant is not unavailable as a witness if "the statement's proponent procured or wrongfully caused the declarant's unavailability as a witness in order to prevent the declarant from attending or testifying.").

Affirming a trial court's denial of a defendant's proffer of his own testimony from a pretrial hearing at his plenary trial, the Texas Court of Criminal Appeals explained: "By invoking his Fifth Amendment privilege, appellant procured this exemption for the purpose of preventing himself from testifying as a witness. And appellant was the proponent of his prior testimony. Therefore, under the plain language of the rule, appellant was not unavailable." Davis v. Texas, 961 S.W.2d 156, 156-57 (Tex. Crim. App. 1998) (applying similar language from the previous version of the rule); see also Castro v. Texas, 914 S.W.2d 159, 163 (Tex. App. 1995) (holding that the defendant's testimony from a prior trial was inadmissible hearsay when

offered by the defendant who invoked his right not to testify at the trial; a court is not required to permit a defendant "to offer self-serving evidence to the jury without facing cross-examination by the State.").

Massachusetts and New York have reached the same conclusion. See Massachusetts v. Labelle, 856 N.E.2d 876, 878 (Mass. App. Ct.), review denied, 859 N.E.2d 432 (Mass. 2006) ("The defendant, having made himself 'unavailable' at trial by invoking his privilege under the Fifth Amendment to the United States Constitution against self-incrimination, could not claim his prior testimony was excepted from the hearsay rule."); New York v. Sibadan, 671 N.Y.S.2d 1, 7 (N.Y. App. Div.), appeal denied, 699 N.E.2d 451 (N.Y. 1998) ("[A] criminal defendant may not create his unavailability by invoking his privilege against self-incrimination, and then seek to benefit therefrom by introducing his own prior hearsay statements not subject to cross-examination.").

Similarly, the Virginia Court of Appeals has held that a criminal defendant who invokes his right not to testify at trial is not unavailable for purposes of the statement-against-interest exception. Bailey v. Virginia, 749 S.E.2d 544, 548 (Va. Ct. App. 2013). The defendant in Bailey was barred from introducing his girlfriend's testimony regarding self-serving

statements he had made to her supporting his theory of the case, which was that he had not robbed the victim but only taken money the victim owed him during a drug deal. Id. at 546-49. The court refused to "interpret the hearsay rule to allow a defendant to invoke his Fifth Amendment right not to testify as a shield to protect and insulate him against cross-examination only to simultaneously employ that right as a sword to obtain the admission of his alleged extrajudicial prior self-serving hearsay statements." Id. at 548.

## III.

The only published New Jersey case that touches upon a defendant's use of his prior testimony at a retrial, albeit decided under the former Rules of Evidence, is State v. Pacheco, 106 N.J. Super. 173, 176-77 (App. Div.), aff'd, 54 N.J. 579 (1969), cert. denied, 400 U.S. 834, 91 S. Ct. 68, 27 L. Ed. 2d 65 (1970). The case does not support the admission of this defendant's prior testimony.

In Pacheco, the otherwise-competent defendant claimed he had lost all memory regarding the crime as a result of electro-shock therapy administered in the interim between the first and second trials. Id. at 176. His "principal ground of appeal" was that his total lack of recall made it impossible for him to "prepare a defense with counsel -- an asserted denial of due

process." Ibid. We held that "the availability to defense counsel of the transcript of defendant's testimony at the first trial, and defendant's right to offer it in his defense in view of his present amnesia," since he was otherwise competent, meant his due process rights were satisfied and he could be fairly tried. Id. at 177. We affirmed the trial judge's decision allowing the defendant to read his testimony to the jury, in accord with former Evidence Rule 63(3)(a)(ii), because his condition was involuntary. Id. at 177.

In line with Pacheco, the current rule recognizes the admissibility of a declarant's statements if he or she "testifies to a lack of memory of the subject matter." N.J.R.E. 804(a)(3). Pacheco's amnesia, which effectively rendered him unavailable because he had no memory of the incident, is nonetheless factually distinguishable from a defendant who makes himself unavailable due to the exercise of a privilege.

Nor is the admission of defendant's testimony under N.J.R.E. 804 supported by the two cases the trial judge cited. In both, a defendant who had testified in the first trial elected not to testify during the second but the State, rather than the defendant, was the proponent of the evidence. Wilson,

11                                                          A-0545-16T4

*supra*, 57 *N.J.* at 45; *Farquharson*, *supra*, 321 *N.J. Super.* at 120.

In *Farquharson*, the State read to the jury the defendant's unredacted testimony from the first trial, including questioning about his criminal conviction history. *Farquharson*, *supra*, 321 *N.J. Super.* at 120. We concluded that, although the prior testimony was admissible under the hearsay exceptions for the statement of a party opponent under *N.J.R.E.* 803(b)(1), and the prior testimony of an unavailable witness in *N.J.R.E.* 804(b)(1), the inclusion of the defendant's prior criminal history violated his constitutional right not to testify. *Id.* at 120-21.

Like *Farquharson*, *Wilson* focused on the admissibility of a defendant's earlier testimony when the State, not the defendant, is the proponent of the evidence. *Wilson*, *supra*, 57 *N.J.* at 45-46. *Wilson* was decided under the 1967 Rules of Evidence, before the evidence rules were amended to make the exercise of a privilege a circumstance rendering a witness unavailable. *Id.* at 47-48. The Court observed:

> [T]here is no real difference between inculpatory statements made at a prior trial and voluntary confessions. If anything, the former are more reliable than the latter since they are made under oath in the solemnity of the courtroom before judge and jury and in the presence of [a defendant's] own counsel.
>
> [*Id.* at 48.]

Wilson drew the clear parallel between the admission of a confession and a defendant's prior testimony. In Wilson and Farquharson, the State sought to convict a defendant using his own words, a classic exception to the hearsay rule. Thus none of the published cases support a defendant's use of his testimony in a subsequent trial if he elects not to testify. See Belliard, supra, 415 N.J. Super. at 87 ("We review a trial judge's evidentiary determinations under an abuse of discretion standard, provided that the judge's rulings are not inconsistent with applicable law.") (emphasis added).

IV.

Finally, defendant's contention that his testimony at the first trial is not hearsay lacks merit. Hearsay "is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." N.J.R.E. 801(c) (emphasis added). Defendant's prior testimony is an out-of-court statement because it was not made while testifying at the retrial.

Defendant's suggested interpretation of the language of N.J.R.E. 801(c) would mean that any trial testimony, subjected to cross-examination, is not hearsay. That is not the law. Such an interpretation would render meaningless the exception to the hearsay rule found in N.J.R.E. 804(b)(1)(a).

Defendant's decision not to testify during his retrial is his alone and must be scrupulously honored. See State v. Kucinski, 227 N.J. 603, 616-17 (2017). That does not mean, however, that by the mere exercise of this right he leapfrogs over the Rules of Evidence. A defendant does not make himself "unavailable" within the meaning of N.J.R.E. 804(a) if he chooses to remain silent.

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0545-16T4